No. 98-11336
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11336
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM MORRIS RISBY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-94-1-H
--------------------
February 29, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     William Morris Risby appeals from his convictions and

sentence for conspiracy to embezzle, pay and receive kickbacks,

and money laundering; aiding and abetting embezzlement; aiding

and abetting receiving kickbacks; and aiding and abetting money

laundering.  He argues that the district court erred by refusing

to conduct a Kastigar hearing, that he received multiple

punishments for the same offense, that the district court abused

its discretion by limiting Risby's cross-examinations of witness

George Garrett and codefendant James Hargrave, and that the

district court erred by increasing Risby's offense level pursuant

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to U.S.S.G. § 3C1.1 for obstruction of justice. We have reviewed the record and find no reversible error. The record shows that the immunity granted to Risby did not extend to the contents of any records he produced. Further, because the offenses in Counts 20-38 required proof of additional facts that the offenses in Counts 39-57 did not require, see Blockburger v. United States, 284 U.S. 299 (1932), and because the substantive offenses for which Risby was convicted did not necessarily require the participation and cooperation of two persons, see United States v. Payan, 992 F.2d 1387, 1389-90 (5th Cir. 1993), Risby's contention that he received multiple punishments for the same offense is also without merit. The district court did not abuse its discretion by limiting Risby's cross-examination of two witnesses. See Fed. R. Evid. 608(b). Finally, given the information contained in the PSR, the district court did not err by increasing Risby's base offense level by two for obstruction of justice. Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.